WILLIAM H. MILTON & another *vs.* JONATHAN MOSHER.

As a mortgage of personal property need not be under seal, and as a mortgage of such property of a firm, made by one of the partners to secure a debt of the firm, is valid, the addition by him of a seal thereto does not vitiate it.

A., a part owner of a vessel which was at sea, mortgaged his interest therein to B.: After the vessel returned, A. mortgaged all his interest in her, " her appurtenances, outfits, cargo and catchings," to C., stating, in this last mortgage, that the hull of said vessel was subject to B.'s mortgage : A. and the other owners of the vessel fitted her out for a whaling voyage, with the knowledge of B., and A. furnished his portion of her outfits for that voyage. A few days before the vessel sailed on said voyage, B. took formal possession of her, under his mortgage, when no one who was interested in her was on board; but gave no notice to A. that he had so done : On the return of the vessel from that voyage, her cargo was sold by an agent thereto appointed by her several owners, and the proceeds came into his hands. *Held,* as between B. and C., that C. was entitled to A.'s share of those proceeds.

Where a part owner of a vessel and cargo mortgages his share thereof, and afterwards he and the other owners appoint an agent to sell the whole cargo, such agent, after selling the cargo and receiving the proceeds, is liable to the mortgagee, in an action for money had and received, for the mortgagor's share of those proceeds.

ASSUMPSIT for money had and received. Trial in the court of common pleas. The judge, who sat at the trial, reported the case as follows :

The plaintiffs introduced evidence tending to show that on the 22d of January 1841, Benjamin Swain, jr. and Joseph Bullard were merchants and partners in business, and executed a mortgage to the plaintiffs, which was duly recorded on that day, of their right, &c., to a certain brig, in the following terms: " We do hereby assign, sell, transfer and set over " to the plaintiffs " all our right, title and interest in and to the brig Delight of New Bedford, her appurtenances, outfits, cargo and catchings, as she now is on her present whaling voyage ; the hull of said brig being subject to a previous mortgage to Andrew Carney," &c. " In witness whereof we have hereunto set our hands and seals this 22d day of January 1841.     B. Swain, jr. & Co. ⎞ (seal.)
                                                      B. Swain, jr.        ⎠
                                                      Joseph Bullard, by his attorney,
                                                      A. Bullard."

That the condition of said mortgage was, that said Swain & Co., their heirs, executors, &c. should pay to the plaintiffs, their heirs, &c., on demand, a note for $825, " given by said B. Swain & Co." to the plaintiffs : That said brig had sailed on said

voyage about the 1st of July 1840, and that she returned to New Bedford in June 1841 : That the defendant was agent of the owners of the brig; that he sold her cargo, as such agent; and that the proceeds of the sale came to his hands : That the plaintiffs, before the commencement of this action, demanded of the defendant one eighth of said proceeds, claiming the same as mortgagees as aforesaid ; and that the defendant refused to pay them any part thereof. No question was made as to the amount which the plaintiffs were entitled to recover, if entitled to recover at all. No evidence was offered by the plaintiffs to show that A. Bullard was authorized to act as attorney of said Joseph Bullard.

The defendant objected, that Swain had no right, as one of the firm, to execute said mortgage in the name of the partners, and that nothing passed to the plaintiffs thereby. This objection was overruled.

The defendant then introduced evidence tending to show, that on the 17th of February 1840 the said brig was at sea, and was under a mortgage to Samuel Dale to secure payment of $570·78 ; that said Swain & Co., on that day, made a mortgage of all their right, title and interest in her, viz. one eighth part thereof, to Andrew Carney, to secure a note held by him against said Swain for 1816·96, payable on demand ; that said mortgage was duly recorded on the 22d of said February ; that said brig returned from sea in the spring of 1840 ; and that about ten days before the brig sailed on her last voyage, viz. about the 18th of June 1840, an agent of said Carney went on board of her and took formal possession, under the said mortgage to Carney. The defendant thereupon contended that the one eighth part of the proceeds of the sale of the cargo, which was taken after said agent took possession, belonged to said Carney, and not to the plaintiffs.

There was no evidence that when the agent of Carney so took possession, any person interested in the property was on board the brig, or that said Swain & Co. had any notice of that fact, or that any demand had been made upon them for payment of the note given to Carney as aforesaid

21 *

The plaintiffs then offered evidence tending to show that Swain & Co. furnished one eighth part of the outfits for the last voyage of said brig, and that she sailed without any notice to them that Carney had taken possession as aforesaid.

There was evidence that after the return of the brig, in June 1841, said Carney, with the consent of Swain & Co., the mortgagors, sold one eighth part of her hull, and demanded of the defendant one eighth part of the proceeds of the cargo.

The judge instructed the jury, that if the foregoing facts, of which evidence had been given, were proved to their satisfaction, the plaintiffs were entitled to a verdict. A verdict was returned for the plaintiffs, and the defendant alleged exceptions to said instruction.

*Coffin*, for the defendant. No proper execution of the plaintiffs' mortgage was shown. It does not appear that it was made to secure a partnership debt. On the contrary, the inference is, that it was for Swain's private debt; as a person, claiming to act as attorney for Bullard, signed the deed.

The mortgage to Carney transferred a right superior to that of the plaintiffs. His right was to one eighth of the brig, as she then was at sea; and upon her return, he took possession of her, and finally sold her under his mortgage. A mortgagee in possession is entitled to the earnings of the vessel, and is liable for her outfits and repairs. Abbott on Ship. (4th Amer. ed.) 17 *&* *seq.* 3 Kent Com. (3d ed.) 134 *&* *seq.* And a mortgagee not in possession is entitled to the profits of the vessel. *Moss* v. *Gallimore,* 1 Doug. 279. In *Westerdell* v. *Dale,* 7 T. R. 312, Lord Kenyon said, that as to a mortgagee, " whether in or out of possession, he is the legal owner, and must be so considered in a court of law, notwithstanding his title is subject to equitable interests," &c. By the authority of that case, Swain, who furnished the outfits of the brig, may recover of Carney the amount of such outfits; at least for all beyond the amount which he owed Carney. Probably, however, it was necessary that Swain should fit out the brig, in order to make her security for the amount of Carney's claim.

The owner of a vessel is owner of her return cargo, and

entitled to her earnings, unless some special contract to the con trary is shown. In the present case, the other owners, or strangers, may have claims for outfits and expenditures, one eighth of which Carney must pay. Abbott on Ship. (4th Amer. ed.) 19, *note.*

That Carney relied for security as well upon the cargo as the brig, is apparent on the papers. His demand on one eighth was for $1816·96, subject to a previous mortgage of $572·78.

As the defendant received nothing for the plaintiffs, but was agent only for the owners of the brig, and the proceeds of the sale came into his hands as such agent, the plaintiffs, not claiming as owners, cannot recover of him in this action, whatever may be the relative rights of the plaintiffs and Carney.

*Clifford,* for the plaintiffs. The mortgage was valid without proof of A. Bullard's authority, as attorney of J. Bullard. His execution of the instrument was merely *ex abundanti cautela,* and was not necessary to make it a valid transfer of the property. The execution by Swain, one of the firm, was sufficient, as it was a conveyance of partnership property, to secure payment of a partnership debt. The condition states that the mortgage was given to secure a note of $825, given to the plaintiffs by the firm. This is conclusive, until it is shown that it was not a partnership debt. As this was a transfer of personal property, it was not necessary that the instrument should be under seal ; and the transaction being within the scope of the business of the partnership, it is not vitiated by the annexation of a seal to the signature of the firm. *Mills* v. *Barber,* 4 Day, 428. *Tapley* v. *Butterfield,* 1 Met. 515. Story on Part. § 122.

Carney, by his own acts, is estopped to claim the mortgagors' interest in the proceeds of the voyage for which they furnished the outfits. He gave them no notice that he had taken or intended to take possession of the brig. He stood by and suffered them to incur all the expense and risk of the enterprise ; and after they have conveyed their interest in the adventure to another creditor, and the risk has terminated, he claims the proceeds The circumstances show his implied permission that the mortgagors might use the brig for another voyage ; and that he did

not intend to rely upon any thing but the brig itself.  The facts are not fully stated in the judge's report; but it is not to be presumed that one eighth of the brig was the only property conveyed to him to secure his claim of $1816·96.  And if he had relied at all on the earnings of the brig, he would have claimed them on her return from her first voyage.

On the facts of the case, the instruction of the judge was correct, and did not depart from any legal position maintained in the cases cited for the defendant.

DEWEY, J.  1. The defendant insists that the mortgage to the plaintiffs was not duly executed, so as to be effectual to secure a partnership debt or liability of Swain & Co.  There is no signature by Bullard, the other partner, and no authority is shown on behalf of the agent who acted as attorney in the signature of Bullard's name ; and this would be fatal, if the separate signature of each of the partners was necessary to give validity to the mortgage. But this is not necessary.  One partner is competent to transfer personal property by way of mortgage, by executing such mortgage in the partnership name ; and as such mortgage requires no seal, the addition of a seal by one partner did not vitiate the conveyance.  This mortgage, having been executed by one of the partners in the name of both, and being on the face of it a security given for a partnership debt, is well executed, and the further attempted execution of it, though ineffectual as a further execution by Bullard, does not divest it of its legal character.

2. The defendant contends that the effect of the prior mortgage to Carney, and his acts under it, were such as to vest in Carney the right to the money held by the defendant, and which the plaintiffs demand in this action.  This was a mortgage of one eighth of the brig; and the defendant insists that this mortgage, accompanied by the taking of formal possession by Carney, in the manner stated in the report of the case, transferred to Carney all the interest that Swain & Co. had in the cargo and catchings during the subsequent voyage.

We do not understand that a mortgagee of a ship, who is not in possession, is necessarily connected with or answerable for

outfits, or entitled to the earnings of the ship. The mortgagee might have taken possession of her, and insisted upon his right to retain possession. He might have insisted upon his right to coöperate in fitting her out, and to participate in her earnings. But not having done so, and contenting himself with a mere formal entry, and allowing others to fit her out, and to act ostensibly as the owners of cargo, catchings and profits, their interest in the earnings made by the voyage might be well transferred in mortgage, to secure others for liabilities or for advances made by them. The secret entry made by Carney, without giving notice thereof to the mortgagors, or to the other part owners, was nugatory and void, and no rights attached by reason of it.

The defendant holding the avails of the earnings of the voyage, for distribution, the plaintiffs may well recover, in the present action, the amount they are entitled to, as mortgagees thereof, by virtue of their mortgage covering the cargo and catchings.

*Exceptions overruled.*